And then the last case of the day is Lawrence versus Commandant and this is 23055 and we'll hear from the appellant okay we'll hear from the appellant. Can you hear me? Okay good and also I just want to make sure you can see me too. Okay we can. Thank you very kindly and may it please the court my name is John Maugher and I'm here on behalf of plaintiff appellant Clint Lawrence formerly of the 82nd Airborne Division who spent six years in the United States but disciplinary barracks on Fort Leavenworth Kansas and on November 15th 2019 the President of the United States issued him a full and unconditional pardon this morning he's completing his first year of law school and so I'm very happy to bring that to the court's attention. I'd like to begin my presentation just by briefly going over to some of the facts that gave rise to the court-martial and what we believe is a separation of powers challenge which is properly before the court today. Briefly by way of background in July 2012 Lieutenant Lawrence was leading a combat patrol of 82nd Airborne Infantry officers and non-commissioned officers through Kandahar province when three motorcycle riders approached them on the same vehicle. Two of the American officers up front opened fire the American strike that the Afghan National Army opened fire and then Lawrence who did not see the target gave the order to fire. Then two of the riders were killed a third escaped and that gave rise to the two murder convictions and the attempted murder conviction basically the conversation. Our firm came on the case after the appeal or after the trial for the appeal the article one military appeals through the Army Court of Criminal Appeals and the Court of Appeals for the Armed Forces and during our investigation we uncovered what we believe to be eight to ten material Brady violations where the United States prosecution had in its possession footage of three fighting-aged military-age males armed with AK-47 cross assault rifles that the DNA and fingerprints were taken from at least some of the Afghan men on that field that day which left their fingerprint DNA on bomb parts and on top of that there was a blimp operator in the sky an aerostat operator who made a report and also captured video footage of Lawrence's platoon being as he wrote scouted for an impending ambush or attack. Prior to this incident Lawrence has no disciplinary problems with his prior 10 years in the Army where he made staff sergeant a non-commissioned officer and then was selected for the Army's coveted green to gold program where they sent him to college. Well he was convicted and one of the things that his defense council member brought out at trial was the fact that several of those soldiers who convicted who testified against Lawrence received murder allegations themselves and were then given grants of immunity in order to testify against Lawrence and the jury never knew the military one article one system involved mainly Fifth Amendment due process claims under Brady as well as Sixth Amendment Strickland v Washington and effective assistance of counsel. Once we've exhausted the appeals through the article one system we had no relief. Kansas dismissed this initially but then we were able to refile it to characterize it correctly as a prosecutorial misconduct. Mr. Baker could you back up we're going to give you a little bit of additional time but you know this is we're hearing a little it's cutting in and out a little bit. Oh I'm sorry your honor. Well it's not your fault but we want to hear everything you have to say so if you can back up maybe just about a minute of what you were saying and then because I don't okay. Okay your honor I'll try to move closer to the device here if that's better but once we our case was filed under 22 28 USC section 2241 as a collateral attack of a court martial conviction before the article three jurists in the district of Kansas. The case was our prosecutorial misconduct claim into a due process claim which is what we did. Four days later the president of the United States issued a full and unconditional pardon for lieutenant Lawrence and then the United States moved to dismiss coming forward that dismissal was based upon the wave tops being that the pardon not only rendered the case or claims moot but also waived lieutenant Lawrence's challenges to his outgoing convictions. We respectfully disagree and we wrote our papers and that's what brings us here before you this morning and to turn to the specifics of what we believe the United States might be doing to misinterpret the law is there's no firm language. If you go through the United States's briefs there's no specific black letter language that says acceptance of a pardon confesses guilt. Instead there is some case law and language out there that says acceptance of a pardon may imply guilt. Also the justice department's office of the pardon attorney has sent information to lieutenant Lawrence saying quote unquote that acceptance of the pardon does not imply innocence. So all of that to say I think that in our study of the issue that most people who are going to something so that's might be where that language comes in may imply rather than gives rise to a confession of. Does it matter what does it matter does it matter what he was informed of and of course what I'm speaking to is the November 19th 2019 letter from the acting pardon attorney that advises Mr. Lawrence a presidential pardon is a sign of forgiveness it does not erase or expunge the record of conviction and does not indicate innocence. Yes judge and I think that's very relevant on the second point here where the lower court missed and that is this case is no longer moot. This case is not moot there are many lieutenant Lawrence has many stakeholders personal stakeholders where right now if he graduates from law school he's still going to have those records of conviction. Moreover he still has challenges with veterans benefit. On top of that he has a dismissal which is an officer's dishonorable discharge from the service and that's never going in a way that's that's in eradicable stigma in the lines of the case law. So those things are still very much afforded and the president's pardon does not take away from that at all. The president's pardon forgives the criminality and restores some civil liberties but had the president proceeded under a statutory grant of authority rebriefed which did not get into the courtroom and that statutory grant would have provided the relief we still think that the lower court can provide under 28 U.S.C. 2243 and that is to adjudicate the case as justice requires. And so to take a step back and I hope this is not too convoluted I'm hoping I'm being clear your honors but in addition to the article two pardon power the president of the United States has been vested with two specific and additional statutory powers where the congress created in him the ability to be a general court martial some sexual assault cases. So that was the first step we took to say Mr. President if you and your team and your staffers believe that this case based upon unjust convictions which is also the language of 28 U.S.C. section 1495 that you can proceed to sue the United States government for an unjust conviction if you believe that to be the case this case could be deserving to disapprove the findings in the sentence which would then have restored Lieutenant Lawrence to the status quo ante before his court martial to include all those years he spent in prison towards a valuable military retirement promotions back pay and lost privileges as well as being restored to veterans benefits as he moves out into the world. Now the United States by and through its papers tried to that we totally knew that a pardon would not fully erase or expunge and that is the case but we were providing the exact accomplish this if you disapprove the findings in the sentence under the two statutes or you can return Lawrence home send him this is my connections unstable can gentlemen hear me I can hear him okay can you judge your bill well yes I can hear you although you are cutting in and out a little bit every now and then but only briefly I'm so sorry I beg your pardon I don't want to put my whole face in the screen but in any event with regard to the pardon that was our alternative request considering that if you read the president's unfettered plenary power authority over federal offenses that still left Lieutenant Lawrence before the United States district courts the federal jurists the point upon life and good behavior who are the experts in this area of the law and 22 U.S. 28 U.S.C. section 2243 says the only remedy is not ordering a new trial the only remedy there's you can do as a jurist whatever the law and justice require so that's why because these very real stakes are alive for Lieutenant Lawrence so much so that he is experiencing what the case law calls collateral consequences and there's a supreme court case we fire in our file in our appellate brief called callous I believe it is which lays it out is still very much alive so those were our approaches here so in an abundance of caution on the one hand is because he could disapprove the findings in the sentence and return Lawrence status quo ente with the effect of an expungement return his back pay put him back on duty and or if they wanted to try him again they could do that as well potentially by contrast with the pardon the pardon we believed would see him free and be exonerated from what we believe to be unlawful in charge of incarceration then he would be able to rejoin his legal team here and continue the fights in the article three courts of the United States to say I still have a dismissal the case law says my any office I forfeit will not be returned I still off the back pay I have the ineradicable stigma of dishonor for the rest of my days all at the hands of what we believe to be substantial Brady violations coupled with substantial strickland violations when you say they could potentially retry and expound on that well your honor for example in the lower court's decision and I also believe in Mr. Mogg's papers before this court they talk about an inevitable position of the commandant would not have an advantage or worse to that effect and I'm paraphrasing however what we think is the commandant in the justice department were both all former justice lawyers in my firm that you're vindicating an American right you're administering a statute so whether or not there's an advantage that's not necessarily the right answer instead what the right answer is give him a trial where braiding applies give him a trial where strickland applies and if that's something that remains viable proceed with it however the court here before it has the authority under section 28 USC 2243 to rule as justice may require so what we would ask you to do is you're not saying the pardon oh the pardon yes sir the pardon would prevent a retrial on those offenses for which he was specifically would prevent you're saying would the pardon would prevent a retrial is that what you're saying or are you saying it would present a retrial which can you prevent I beg your pardon judge if I was breaking up there then where's the case or controversy there's two cases that we cite in our paper well the case or consequency your honor is that Lawrence is still laboring under the debilitating effects of the overreaching of the prosecution that's still very much alive his dismissal will stay with him forever his back pay will never be paid so your ass presented your counsel you're asking you're saying he cannot be retried but you are saying now we want to be able to pursue litigation for additional non-criminal remedies because of this trial is that correct well if I follow your your logic there your honor it's these are non-criminal remedies these are criminal remedies directly stemming from the punishment imposed by the court-martial so they are criminal remedies they haven't been cleaned up by the president's pardon I am confused what is it that you want to you can't get civil remedies unless you prove that you were vindicated from the criminal trial and the question could be whether the pardon does or doesn't do that that's not really what you focused on in your briefs you're not saying you can get retried you don't want to get retried uh you're saying no judge we don't fix that so if you can't get civil remedies because you or or do you say you can get civil remedies uh because you have ultimately prevailed and that that's what you are are seeking and I thought that the only issue in this case was whether accepting the pardon resulted in a waiver of basically of the ability to seek civil remedies because you had conceded guilt and and we that is an issue judge but we disagree with it there is no concession of guilt clint lorenz pled not guilty all along and in none of our papers have we ever said that he's that's that's the issue but you said that is an issue or a issue are there other issues that i'm missing in this case or isn't that the only issue no no judge i think um the other issue that judge phillips brought up was the idea that there is a case for controversy component here that the united states disagrees with but we respectfully disagree with their assertion because when you have lingering collateral consequences in the words of the case law affecting a soldier into his or her civilian life you still have article three jurisprudence or jurisdiction and i see that my time is um severely over limit judge bell do you have any additional questions no okay judge phillips do you i guess i do have one which is say you prevail on the strickland and on the brady then what typically there would be something that followed that like another trial ordinarily but what we've seen in the military your honor is lots of times if we were to prevail on those kinds of things there wouldn't be another trial or there would be some sort of administrative separation that would probably be a follow-on okay did you have any follow-up judge phillips no thank you okay uh thank you mr mayor uh you're out of time but i am going to give you and if you can strictly observe this one uh one minute for rebuttal okay uh mr mag uh we'd like to hear from the appellee please good morning your honors and may it please the court jared mag on behalf of the respondent the commandant of the united states disciplinary barracks uh let me start by saying that that it is unequivocally true that the defendant or the petitioner can never be retried in this case there is absolutely nothing that the government can do in the event that he were to prevail if this court were to send this back and to answer judge phillips question directly what would happen next there's nothing that would happen next the government has absolutely no recourse here whatsoever if the court sends this back as it were if the court were to uh authorize the petitioner to move forward the government simply goes along for the ride uh in an attempt to try to to uh prove that the military courts had full and gave full and fair consideration of his case but at the end of the day there is absolutely no recourse for the government in in the event that the lower court or this court were to find that uh the military courts did not give full or fair consideration to his claims and that is black letter law i'm thinking of an analogy if there had been a direct appeal just assume it's a civil case because i mean a criminal case but not in the civilian court not in the in the military courts and he was convicted and he got uh the conviction overturned the court of appeals said uh the government didn't have enough evidence so you are determined not guilty and you can't be retried and then he said okay now i would like also though to go back and and uh various things happened in that trial that i thought were not proper wouldn't we just simply say that the that's all moot not because you have conceded guilt in the appeal because you haven't conceded guilt but simply because there cannot be another trial period has nothing to do with whether you've conceded guilt or not well as i understand your question judge about this case doesn't present a case of insufficient evidence there was certainly sufficient evidence to convict the question here is whether or not there were some evidentiary matters uh that were under consideration so in the event that the court were to ever reverse on this case it would simply be to determine whether or not the brady uh the elect brady issues were really important enough uh to be presented at the new trial whether or not that evidence had to have been presented there is not a structural error issue nor is there a sufficiency of the evidence agree with your hypothetical i'm not arguing i'm not arguing any of that i'm just i mean the briefing largely focused on whether accepting the pardon was a admission of guilt but i think that's really the issue because whether or not it was an admission of guilt this case is over it cannot be retried and so is there a continuing case or controversy about the procedures and what is what is uh what is the remaining case or controversy let's assume it's not an admission of guilt okay the case is still over and it cannot be retried that's correct we know at bottom that the case cannot be retried that our our fundamental position is that because as the court said in verdict a uh the acceptance of a pardon is an imputation of guilt or a confession to it that the defendant cannot move forward under two tracks here he cannot say that i'm not guilty of the offense and i want to be retried but at the same time i am agreeing that i am guilty of this offense because i've accepted the pardon why not get a guilty uh man or woman not get collateral relief because he or she committed the crime even if the government can't constitutionally prove guilt beyond a reasonable doubt i think that's a very difficult argument for a defendant to make to make a valid uh point in front of the court uh when they're trying to establish that they're in fact not guilty of the offense and that's exactly why this was a binary do that successfully all of the time saying yes i um i had drugs but i but it was unconstitutional we just heard one uh a little bit ago uh there was a legally people challenged 922g convicted convictions that are felons in possession of a firearm but they claim that it was unconstitutionally seized drug defendants do that constantly until it versus henderson we didn't the supreme court didn't say that someone can't because somebody is guilty the supreme court said no there is a specific disruption in the proceedings that uh just that create a disconnect between the constitutional violation the the unconstitutional uh convening of a grand jury and uh the adjudication that the that the guilty plea constitutes a disruption so i'm not sure i think you have a strong argument under verdict that this is an imputation or confession of guilt i'm just not sure why that that necessarily precludes someone from collaterally challenging a conviction i don't know that it necessarily does in that context but it does here when the when the executive uh profoundly impacts the proceedings by reaching in and saying i'm going to go ahead and issue the pardon in this case so government you get to no longer have any recourse for you i'm going to then force you to go ahead and litigate this case but if you lose there's really nothing for you in the end and so it profoundly impacts how the how the case or controversy proceeds and that's really what judge lungstrom was talking about is there's no opportunity for this to move forward in the more traditional context of a case or controversy because at the end of the day the parties are so profoundly impacted by the executive's authority to issue the pardon in this case that it disrupts the proceeding significantly well you have a strong argument if we if this were before king solomon that this is unfair because what president trump did would have been precluding the government from recharging him even if he obtained a uh a conditional writ of habeas corpus so maybe it's unfair but this is obviously not king solomon you what it what doctrine mutinous waiver whatever i mean there's no doctrine of fairness what doctrine would preclude him from collaterally challenging his conviction because of the inequity of him being able to collaterally challenge the conviction in the government not being able to successfully reprosecute well we know that the court in carafas versus lafelle talk about the ability for a a respondent to move forward or a petitioner to move forward and challenge any of custody but that's different here because the defendant or the petitioner here has we believe again holding back on verdict but the the petitioner's decision to go ahead and accept that pardon is an imputation of guilt and this gets to the question of his binary choice he had a choice to to reject this to go ahead and allow this case to proceed in the traditional fashion in an article three court where the where the lower court is not in any way impeded on how it can in fact rule on the case and and i think the strong point and to maybe get directly to your point uh judge baccarat the court is the lower court has no power to alter the defendants or the petitioner's sentence here and because his sentence is no longer based upon his military conviction his sentence is now based upon the article to decision to grant him a pardon so there's no sentence there is no there's no habeas traditional habeas sentence or habeas action to impact a sentence that was issued by the military courts because that no longer exists why does it why does that matter because he's not challenging the sentence the brady challenge is with regard to the conviction it's not it wouldn't have been a sentence challenge had he not been pardoned in the habeas context a petitioner is always challenging the conviction and the sentence so at the end of the day but i don't know that that is a distinction uh with with much of a difference here because the lower court could not in any way impact uh the the actual conviction itself in the event that it wishes to go ahead and grant him relief because he cannot the lower court cannot send anything back to the military courts under any circumstance whatsoever well there is an unconditional writ of habeas corpus now you know district courts have discretion to grant a conditional writ but there's nothing to prohibit a court from saying i'm i'm i'm granting you mr loran's a writ of habeas corpus you are hereby released uh uh the the conviction is invalid and you are not to be re-prosecuted i understand that that's absolutely true but you see that mostly in the in the context of a structural error where the error was so significant that the petitioner cannot be retried nor should he be retried that is not the situation here i can't think of a case where you have a brady violation uh or or an attendant ineffective assistance of counsel claim that would not be sent back to the lower courts for determination as to whether or not the error was so significant that retrial could not be had the lower court has no option here they cannot send it back so essentially uh the government is left to um again to move forward and go along for the ride understanding that it has one track here it's on a one-way street there just is no opportunity for any uh traditional case or controversy to exist as it were if this were to be sent back to the lower court um and and that's again what uh what judge longstrom i believe was really concerned with was that there was just no opportunity for a traditional case or controversy now if this lends itself to the question about whether or not there is an imputation of guilt again we firmly believe that that if the court were to find that that is somewhat irrelevant it hollows out the pardon process the whole pardon process and the ability to reject the pardon is there for a reason because if the individual who knows that a pardon does not absolve them of the underlying offense itself then the only way to completely absolve that is through the article 3 courts and at least in the federal context and that is where the rights are vindicated is in the article 3 context and without that opportunity uh or in this case giving the petitioner the opportunity to vindicate his rights in the article 3 context uh at the same time affirming at least through verdict that in fact he is guilty of the offense by acknowledging the acceptance of the pardon again hollows out the process itself and turns the pardon process into really just a ministerial act why would anybody reject a pardon if they could continue to litigate that would absolutely uh render uh the pardon process null and void and quite frankly lends itself to an abuse of the pardon process under those circumstances because it really does not give the individual the opportunity to uh to make that binary choice under those circumstances because why would you not accept it uh if you can continue to litigate and the government has absolutely no recourse under those circumstances and again is the in the case or controversy context the supreme court has always been the government because i mean they could have made the pardon conditioned i mean don't can presidents make pardons conditioned absolutely could have made a condition that will this is conditioned upon your agreeing not to bring any actions against the government uh as a result of these charges uh but but the president chose not to do that or doesn't have any recourses in future events well we have absolutely i mean the only recourse we have is to to continue to defend uh the military court's uh decisions and whether or not they gave full and fair consideration that's all the government can do but again as judge lungstrom appreciated in the event that the court were to find uh that the courts did not give full full and fair consideration the litigation ends and i don't know of a case uh that would would establish that a case or controversy exists uh when one party is really is really hamstrung in the process itself and has no recourse under the circumstances because again if the if judge longstrom finds uh for any reason that the petitioner's argument has some ground uh for relief uh and decides that it is not structural error of some sort and decides it wishes to send it back it has nowhere to send it to uh there's nowhere for the case to go under those circumstances and when you look at the case law in case it's just not intuitive the government uh can you stop can you can you stop me from it i'm not sure that it's right that the government has no recourse i mean if there are collateral consequences such as the freeing up for the defendant the ability to claim pensions or or a payment while he was uh incarcerated or to be eligible for other military benefits va hospitals or so forth if the government decides there are other benefits uh the government and you don't have the option to re-prosecute him but i would think you would still have motivation and the ability to proceed in litigation that challenges the underlying conviction which is exactly what he wants to do because you do have you do have interests involved well we certainly have interest to at least at this level from from the purposes of of what the is to establish that the lower courts the lower military courts gave full and fair consideration but that is our interest the defendant or the petitioner's interest himself uh while he has achieved uh or at least had some of his civil rights given back to him some of the other attendant military rights uh he as as judge longstrom talked about can attempt to appeal to the administrative agencies to try to undo those but at the end of the day the government's position all along has been that once petitioner decides to accept a pardon which he can reject and upon rejection can continue to vindicate his rights in an article 3 court but when the executive reaches down and pardons an individual during that process it so fundamentally impairs the government's ability to move forward under case or controversy uh that uh the the petitioner's decision uh understandably uh renders the case moot and unless the court has any further questions i see that i'm over my time judge bill do you have any additional questions no uh judge phillips do you no okay uh i gave mr mayor uh one minute so if you can uh be careful to not exceed one minute you're on mute you're still on mute how about that all right thank you for your patience your honors and and just to speak to some of the conversation and some of the substance that went on this afternoon about the effect of to bring to the court's attention page 12 of our reply brief where we devote a photograph a photograph strike that a paragraph to major matthew goldstein u.s army special forces he was pardoned the same day uh that lorance was but he had not yet gone to trial so surely logically extrapolating his acceptance of a pardon would not be a confession of guilt secondly with regard to the uh long-lasting and collateral effects that judge ebo mentioned i'd like to sort cite to the court also on page 12 of our reply brief carafas v labal labally 391 us 234 which basically states habeas petition is not moot as long as petitioner suffers collateral consequences those are pretty well settled so all of that to say gentlemen i know my time is about to expire and i certainly appreciate the court's indulgence thank you uh counsel uh both of you it was very well presented uh in your written submissions and today and we appreciate your hard work uh this matter will be taken under submission